# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> DAVID HEDLEY, <br> Defendant. | CASE NO. 13CR1129 WQH <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the payment of restitution by Defendant David Hedley.

**BACKGROUND FACTS**

Defendant was employed as the Executive Director of the Indian Human Resources Center (IHRC) between approximately September 10, 2012 and December 11, 2012. During this period, the Department of Health and Human Services wired federal moneys from the Workforce Investment Act to IHRC's credit union account on behalf of the Department of Labor.

On March 28, 2013, the grand jury returned an indictment charging Defendant with eight counts of theft concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A).

On August 6, 2013, Defendant entered a plea of guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 666(a)(1)(A) Theft concerning programs receiving federal funds in the amount of $5,000. In the factual basis of the plea

1  agreement, Defendant admitted:

2      Between September 24, 2012 and December 6, 2012, Defendant
3      knowingly embezzled, that is, fraudulently converted or appropriated for his own personal use, approximately $141,260.44 from IHRC, which constituted federal funds in the care, custody or control of IHRC.

4  ECF No. 37 at 4. Defendant further agreed that he "falsely represented to employees

5  of the credit union and other persons that he was using the money from IHRC on behalf

6  of the non-profit organization, when in fact Defendant was diverting all or part of the

7  money for his personal benefit or gain." *Id.* In addition, Defendant further admitted

8  that he "conspired with [another IHRC employee] to transfer funds into the IHRC's

9  discretionary account from other IHRC [credit union] accounts" and "to cover or

10  backfill the funds in the other accounts by 'drawing down' on the federal grant from

11  HHS." *Id.* Defendant admitted that he paid the other IHRC employee "at least $3,500

12  as payment for her assistance in his scheme to defraud IHRC by embezzling federal

13  funds." *Id.* at 5.

14      In the Plea Agreement, Defendant

15      agree[d] that the amount of restitution ordered by the court shall include
16      defendant's total offense conduct, and is not limited to the count of conviction. Accordingly, the parties will jointly recommend that defendant pay restitution in the amount of $141,260.44 which the Court
17      shall order payable forthwith.

18  *Id.* at 12.

19      On April 3, 2014, the Court ordered the Government to provide a listing of the

20  amounts subject to restitution to the probation office.

21      On April 17, 2014, the Government filed a Restitution Memorandum requesting

22  that the Court order restitution in the amount of $141,260.44 to the Department of

23  Labor. Attached to the Government's Restitution Memorandum was a CORPORATE

24  VICTIM IMPACT/FINANCIAL STATEMENT from the Indian Human Resource

25  Center (IHRC) stating an actual loss of "$147,000 in administrative costs and program

26  costs and $16,576 salary paid to Hedley." (ECF No. 71-2 at 2). The Government did

27  not recommend any restitution to IHRC.

28      On April 24, 2014, Probation filed an addendum recommending that Defendant

pay restitution in the amount of $141,260.44 to the U.S. Department of Labor and no restitution to IHRC.

On May 29, 2014, the Government filed a Supplemental Restitution Memorandum which stated in part: "SA Phan has independently calculated the payroll direct deposits to Defendant as $9,276.17 total, which includes $7,730.14 paid to Hedley during the period of criminal activity." This statement is supported in the record by Phan Declaration at paragraphs 9 and 10. (ECF No. 79-1 at 3).

On July 28, 2014, Defendant filed a Restitution Memorandum (ECF No. 85) objecting to any order of restitution to IHRC. Defendant contends that the offense of conviction excludes "bona fide salaries" so restitution should exclude salary payments, that the IHRC is not a victim under the Mandatory Restitution Act, and that Defendant's criminal conduct was not the proximate cause of IHRC salary loss. Defendant asserts that IHRC failed to check his background which would have revealed his criminal history, fraudulent claim to be an attorney, and lack of qualification. Defendant contends that IHRC was negligent in hiring him and caused the loss of salary.

On August 25, 2014, the Court held a hearing regarding restitution.[1]

## RULING OF THE COURT

### $141,260.44 to the Department of Labor

Pursuant to the agreement of the parties and based upon the record, the Court will order restitution agreed to in plea agreement of the amount of $141,260.44 to the Department of Labor.

### Restitution to IHRC

The Mandatory Victims Restitution Act (the Act) makes restitution mandatory for offenses which involve fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). Restitution is mandatory for any offense "in which an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). The Act provides that "the court

---

[1]The Government and the Defendant made legal argument.

1  shall order restitution to each victim in the full amount of each victim's losses as
2  determined by the court and without consideration of the economic circumstances of
3  the defendant." 18 U.S.C. § 3664(f)(1)(A).  "[A]ctual loss for restitution purposes is
4  determined by comparing what actually happened with what would have happened if
5  the defendant had acted lawfully." *United States v. Hunter*, 618 F.3d 1062, 1064 (9th
6  Cir. 2010)(internal citation omitted).

7  Under the Act, a victim is "a person directly and proximately harmed as a result
8  of the commission of an offense for which restitution may be ordered." 18 U.S.C. §
9  3663A(a)(2). Based upon the Defendant's admissions in the plea agreement, the Court
10 finds that IHRC was directly and proximately harmed as a result of the Defendant's
11 embezzlement and conspiracy to cover up the embezzlement. IHRC is a victim under
12 the Act.

13 "Restitution can only be based on actual loss." *United States v. Xu*, 706 F.3d
14 965, 994 (9th Cir. 2013)(internal citations omitted). A restitution order must also be
15 "based on losses directly resulting from a defendant's offense." *United States v.
16 Bussell*, 504 F.3d 956, 964 (9th Cir. 2007). The "purpose of restitution" under the
17 MVRA, however, is not to punish the defendant, but to "make the victim[] whole" again
18 by restoring to him or her the value of the losses suffered as a result of the defendant's
19 crime. *United States v. Crandall*, 525 F.3d 907, 916 (9th Cir.2008) (quoting *United
20 States v. Gordon*, 393 F.3d 1044, 1052 n. 6 (9th Cir.2004)).

21 In this case, the Court must determine whether the payment of salary to
22 Defendant by IHRC was a loss suffered "directly and proximately" as a result of
23 Defendant's offense conduct. 18 U.S.C. § 3663A(a)(2). Defendant admitted that
24 "[b]etween September 24, 2012 and December 6, 2012, Defendant knowingly
25 embezzled, that is, fraudulently converted or appropriately for his own personal use,
26 approximately $141,260.44 from IHRC, which constituted federal funds in the care,
27 custody or control of IHRC." In addition, Defendant admitted that he conspired with
28 another employee to cover up the scheme by having funds transferred to an account.

The record establishes conclusively that IHRC paid salary to the Defendant in the amount of $7.730.14 during the period of his criminal activity. The Presentence Report states that when the Chairman of the Board for IHRC became aware of the embezzlement "HEDLEY was immediately fired." (ECF No. 53 at 4).[2]

Defendant's relevant conduct includes embezzling money and conspiring with another employer to cover it up between September 24, 2012 and December 6, 2012. Based upon undisputed facts, the Court finds that IHRC would not have paid Defendant wages in the amount of $7,730.14 if Defendant had not acted unlawfully by embezzling money and conspired with another employer to cover it up. Defendant not only embezzled money during this period, he prevented his employer from discovering the embezzlement by conspiring with other IHRC employees to avoid detection. Defendant's offense conduct was the proximate cause of IHRC's continuing to employ him and pay him salary. There is no authority for the Defendant's assertion that IHRC is not entitled to restitution for actual losses caused by the offense on the grounds that it was negligent and caused its own loss. In this case, Defendant admitted that he committed fraud, and that he conspired to cover up his fraud. As a result, Defendant continued his employment and received his salary. There are no facts material relevant to the payment of restitution that require an evidentiary hearing.

At the time of sentencing, the Court will order restitution in the amount of $141,260.44 to the Department of Labor and in the amount of $7,730.14 to the Indian Human Resource Center.

DATED: October 17, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[2] No objection has been filed to this factual statement.